UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 22 2015
Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| DERRICK HILLS, | ) |
| Petitioner, | ) |
| v. | ) Case: 1:15-cv-1186 (G Deck)<br>) Assigned To : Unassigned<br>) Assign. Date : 7/22/2015<br>) Description: Habeas Corpus/2241 |
| S. MILLION, WARDEN-TRUSTEE, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

This matter is before the Court on review of this *pro se* pleading captioned "Habeas Corpus Petition Under Federal Rules of Civil Procedure, Rule 81(a)(4)," which is construed as a collateral attack on the conviction and sentence imposed by the United States District Court for the Eastern District of Michigan. Generally, the petitioner challenges the jurisdiction of the court, and he demands his immediate release from custody.

To the extent that a remedy is available to the petitioner, his claim must be addressed to the sentencing court in a motion under 28 U.S.C. § 2255. *See Taylor v. U.S. Bd. of Parole*, 194 F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion to vacate under 28 U.S.C. § 2255 is the proper vehicle for challenging the constitutionality of a statute under which a defendant is convicted); *Ojo v. Immigration & Naturalization Serv.*, 106 F.3d 680, 683 (5th Cir. 1997) (explaining that the sentencing court is the only court with jurisdiction to hear a defendant's complaint regarding errors that occurred before or during sentencing).

Section 2255 provides that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that

1



> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

The petitioner has stated no claim for relief in this court, and therefore the petition will be dismissed. An Order accompanies this Memorandum Opinion.

Date: 7/21/2015

_____
United States District Judge